IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KENDRICK HERRING,

    Plaintiff,

v.                                        CASE NO. 4:15-cv-402-RH-GRJ

JEFF MAHONEY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's *pro se* Complaint pursuant to 42 U.S.C. § 1983, ECF No. 1. Leave to proceed as a pauper has been granted by separate order. For the following reasons, the undersigned recommends that the Complaint be dismissed because the facts alleged fail to state a claim upon which relief can be granted.

### Plaintiff's Allegations

The Complaint was filed on August 12, 2015. The Complaint stems from an incident that occurred on March 19, 2011, in Tallahassee, Florida. Plaintiff alleges that on that date he was subjected to the excessive use of force during an arrest by the individual Defendants, all of whom are law enforcement officers. Plaintiff contends that he was awakened from sleep and then shot and tazed by officers Mahoney and Buccio. Other officers who were present allegedly failed to intervene to stop the alleged use of excessive force. Plaintiff alleges that on that same date the officers falsified arrest reports to state that Plaintiff resisted arrest with violence. Plaintiff alleges that in October 2013 he was acquitted of the charges. Plaintiff contends that the Tallahassee Police Department had a custom and policy of deference to police officers that fosters

the use of excessive force.  Plaintiff seeks monetary and injunctive relief.  ECF No. 1 at 6-8.

## Standard of Review

A  federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e).  A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)).  A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal).*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  The plaintiff must allege facts showing an affirmative causal connection between each specific defendant's conduct and the alleged deprivation of his constitutional rights. *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986).   If a plaintiff cannot satisfy

these requirements, or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal. *Id.* at 737-38.

A federal § 1983 claim is governed by the forum state's statute of limitations. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." *Burton*, 178 F.3d at 1188, *citing Baker v. Gulf & Western Indus., Inc.*, 850 F.2d 1480, 1483 (11th Cir.1988). Although the length of the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited therein). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. *Id.* In the context of a claim of an excessive use of force and failure to intervene, such claims accrue on the date that the alleged excessive force occurred. A dismissal on statute-of-limitations grounds is appropriate at this stage only if it is apparent from the face of the complaint that the claim is time-barred. *See La Grasta v. First Union Secs.*, Inc., 358 F.3d 840, 845 (11th Cir.2004).

## Discussion

In this case, it is apparent from the face of the Complaint that Plaintiff's claims are time-barred. The alleged use of excessive force and failure-to-protect occurred on March 19, 2011. It is clear from the face of the Complaint that Plaintiff knew the facts underlying these claims on that date, notwithstanding that he was subsequently

acquitted of resisting arrest with violence. Plaintiff filed the Complaint on August 12, 2015, more than four years after Plaintiff knew of the facts underlying his claims, and therefore the Complaint is barred by the statute of limitations. *See Baker v. City of Hollywood,* 391 Fed.Appx. 819, 821, 2010 WL 3156036, **2 (11th Cir. 2010) (unpublished) (excessive force and failure-to-protect claims accrued on date that plaintiff was allegedly beaten by officers).[1]

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given." *See* Fed.R.Civ.P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. Under the facts presented, the Court concludes that amendment of the Complaint would be futile because amendment would not cure the deficiency regarding the statute of limitations. *Baker,* 2010 WL 3156036, **3

## Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 5th day of October 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**