IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KENDRICK HERRING,

      Plaintiff,

v.                                       CASE NO. 4:15cv402-RH/GRJ

JEFF MAHONY et al.,

      Defendants.

_____/

## ORDER REMANDING THE CASE
## TO THE MAGISTRATE JUDGE

      The plaintiff Kendrick Herring filed this action under 42 U.S.C. § 1983 against the defendant law enforcement officers. The complaint alleges that the officers used excessive force against Mr. Herring and then arrested him on the false charge of resisting arrest. The complaint alleges that Mr. Herring was eventually acquitted of resisting arrest.

      The case is before the court on the magistrate judge's report and recommendation, ECF No. 7, and the objections, ECF No. 10. I have reviewed de novo the issues raised by the objections.

      The report and recommendation concludes that the action is barred by the statute of limitations because it was filed more than four years after the arrest and

use of force.  For any stand-alone wrongful-arrest or excessive-force claim, this is correct.  But the Eleventh Circuit has repeatedly recognized that § 1983 allows recovery for malicious prosecution.  *See, e.g.*, *Wood v. Kessler*, 323 F.3d 872, 881 (11th Cir. 2003) (collecting cases).  An element of a malicious-prosecution claim is prevailing in the criminal case.  *Id*. at 882.  The limitations period for such a claim runs from the date on which the criminal case is resolved.  *See Burgest v. McAfee*, 264 F. App'x 850, 852-53 (11th Cir. 2008) ("[A]n action for malicious prosecution accrues when the prosecution terminates in the prisoner's favor." (citing *Whiting v. Traylor*, 85 F.3d 581, 585-86 (11th Cir. 1996))).

    A pro se complaint must be read liberally.  When so read, Mr. Herring's complaint alleges a malicious-prosecution claim.  The claim is not barred by the statute of limitations.  And any use of force may be relevant to that claim, even though the use of force, without any malicious prosecution, would no longer be actionable.

    For these reasons,

    IT IS ORDERED:

    The report and recommendation is accepted in part.  The case is remanded to the magistrate judge for further proceedings.

    SO ORDERED on December 12, 2015.

                                        s/Robert L. Hinkle
                                        United States District Judge