IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KENDRICK HERRING,

      Plaintiff,

v.                                    CASE NO. 4:15-cv-402-RH-GRJ

JEFF MAHONEY, et al.,

      Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>

      This matter is before the Court on ECF No. 27, Defendants' Motion to Dismiss Plaintiff's Amended Complaint With Memorandum of Law. Plaintiff has not filed a response in opposition and the time for doing so has expired.[1] The motion to dismiss is, therefore, ripe for review. For the reasons explained below, it is recommended that Defendants' motion to dismiss be granted in part and denied in part.

## I. INTRODUCTION

      Plaintiff, an inmate currently incarcerated in the Leon County Jail,[2]

---

      [1] Defendants filed their motion to dismiss on June 3, 2016. (ECF No. 27.) Plaintiff failed to file a response so the Court ordered Plaintiff to show cause by November 28, 2016, as to why the motion should not be granted. (ECF No. 30.) As of the date of this report and recommendation, Plaintiff has failed to respond.

      [2] At the time of filing Plaintiff was a state prisoner incarcerated at Gulf Correctional Institution. (ECF No. 1.)

initiated this case on August 12, 2015, by filing a *pro se* complaint pursuant
to 42 U.S.C. § 1983, asserting wrongful arrest and excessive force claims
against twelve Defendants. (ECF No. 1.) On October 5, 2015, the Court
entered a report and recommendation recommending that the case be
dismissed for failure to state a claim upon which relief may be granted,
noting that amendment would be futile because the claims were barred by
the statute of limitations. (ECF No. 7.)  The district judge accepted the
report and recommendation in part and remanded the case to the
undersigned for further proceedings. (ECF No. 11.) The district judge
concluded that because a *pro se* complaint must be read liberally,
Plaintiff's complaint also could be interpreted as alleging a claim for
malicious prosecution, which would not be barred by the statute of
limitations. (*Id.*)

The Court then granted Plaintiff an opportunity to file an amended
complaint asserting only a malicious prosecution claim against each
Defendant. (ECF No. 12.) Plaintiff filed his amended complaint (ECF No.
17) purporting to assert claims for malicious prosecution, excessive force,
false arrest, and false imprisonment naming five Defendants: (1)
Investigator Jeff Mahoney; (2) Investigator Vincent Boccio; (3) Officer Phil

Hinds; (4) Investigator Chris Corbitt; and (5) Federal Department of Law Enforcement Agent William Bullough.[3] As relief, Plaintiff seeks compensatory and punitive damages.

## II.  BACKGROUND & ALLEGATIONS[4]

On March 19, 2011, the Tallahassee Police Department ("Tallahassee PD") was investigating a murder that occurred during an attempted drug deal.[5] Defendant Corbitt contacted Special Agent Bullough for assistance tracking Plaintiff's cell phone. Despite policy mandating that law enforcement first obtain a warrant, Defendant Corbitt tracked Plaintiff's phone, located Plaintiff, and led Tallahassee PD officers—including Defendants Mahoney, Boccio, and Hinds—to Plaintiff's location. Plaintiff says that he was not a suspect in the investigation.

Sometime around 3:30 or 4:00 a.m., the officers approached Plaintiff

---

[3] Plaintiff later voluntarily dismissed his claims against Defendant Bullough. (ECF Nos. 28–29.)

[4] In addition to the factual allegations asserted in Plaintiff's complaint, the Court may take judicial notice of public court filings "without converting the motion to dismiss into a motion for summary judgment." *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (noting that the district court "properly took judicial notice" of documents filed in another case because such documents "were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned'"); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999) (noting that the district court may take judicial notice of public records at the dismissal stage). Accordingly, various background facts obtained from public court filings are also included to present a more comprehensive picture and analysis.

[5] *Herring v. Florida*, 168 So. 3d 240 (Fla. 1st DCA 2015); (ECF No. 26-4).

while he was sleeping at a bus stop. According to Plaintiff, Defendant Mahoney shot Plaintiff just above his pelvis and Defendant Boccio tazed Plaintiff in the face. Then Defendant Hinds slammed Plaintiff's face into a sidewalk, which caused Plaintiff's skin to scrape off of his forehead, nose, upper lip, and chin. Plaintiff says neither Defendant Mahoney, Boccio, nor Hinds had an arrest warrant or probable cause to arrest. Nonetheless, Plaintiff was arrested.

Plaintiff had his first appearance on March 26, 2011.[6] Then on April 4, 2011, an information was filed charging Plaintiff with: (1) second degree murder, (2) attempted first degree murder, (3) aggravated assault on a law enforcement officer, (4) possession of a firearm by a convicted felon, (5) carrying a concealed firearm, and (6) resisting an officer with violence.[7]

During his criminal proceedings, Plaintiff filed a motion to suppress his cell phone, the firearm, and all other physical evidence recovered during the arrest because the officers did not obtain a warrant to obtain his real-time cell phone location data.[8] The trial court denied the motion,

---

[6] *State v. Herring*, No. 2011-CF-949-A (Fla. Leon County Ct. Oct. 11, 2013); (ECF No. 26-1).

[7] *Herring*, 168 So. 3d at 242; *Herring*, No. 2011-CF-949-A; (ECF No. 17, 26-4).

[8] *Herring*, 168 So. 3d at 242; (ECF No. 26-4).

concluding that exigent circumstances existed to permit the warrantless search.[9]

Plaintiff went to trial and on October 11, 2013, a defense motion for judgment of acquittal was granted as to the charges of aggravated assault on a law enforcement officer and resisting an officer with violence.[10] A jury, however, found Plaintiff guilty of: (1) second degree murder, (2) attempted first degree murder, (3) possession of a firearm by a convicted felon, and (4) carrying a concealed firearm.[11]

On May 22, 2015, the First District Court of Appeal ("First DCA") determined that exigent circumstances did not exist to overcome the warrant requirement and therefore the officers should have obtained a warrant prior to obtaining Plaintiff's real-time cell phone location data.[12] Accordingly, the First DCA reversed the trial court's denial of the motion to

---

[9] *Id.*

[10] *Herring*, No. 2011-CF-949-A.

[11] *Id.*

[12] *Herring*, 168 So. 3d at 242; (ECF No. 17, 26-4). Although Plaintiff contends in his complaint that the First DCA determined the officers had no probable cause for the entire "original proceeding," Plaintiff misconstrues the First DCA's holding. *See Herring*, 168 So. 3d at 242, 244.

suppress.[13]  A Notice of Jury/Non-Jury Trial was later issued setting re-trial

for June 20, 2016.[14] On September 6, 2016, the State announced a *nolle*

*prosse* and Plaintiff was released from incarceration the following day.[15]

### III.  DISCUSSION

Defendants argue that Plaintiff's excessive force, false arrest, and

false imprisonment claims should be dismissed because they are barred by

the statute of limitations. Defendants further argue that they are entitled to

qualified immunity from Plaintiff's claims in their individual capacities.

Finally, Defendants argue that Plaintiff has failed to allege a malicious

prosecution claim against Defendants.

### A.  Statute of Limitations

A federal § 1983 claim is governed by the forum state's statute of

limitations. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir.

1999) (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989); *Wilson v.*

*Garcia*, 471 U.S. 261, 276 (1985)). In Florida, "a plaintiff must commence a

§ 1983 claim . . . within four years of the allegedly unconstitutional or

---

[13]  *Herring*, 168 So. 3d at 242; *Herring*, No. 2011-CF-949-A; (ECF No. 17, 26-3–4).

[14]  *Herring*, No. 2011-CF-949-A; (ECF No. 26-2).

[15]  *Herring*, No. 2011-CF-949-A.

otherwise illegal act." *Burton*, 178 F.3d at 1188 (citing *Baker v. Gulf & Western Indus., Inc.*, 850 F.2d 1480, 1483 (11th Cir.1988). Although the length of the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. *Id.*

As the Court previously concluded,[16] Plaintiff's excessive force claims are barred by the four-year statute of limitations. In the context of a claim for an excessive use of force and failure to intervene, such claims accrue on the date that the alleged excessive force occurred. *Baker v. City of Hollywood,* 391 F. App'x 819, 821 (11th Cir. 2010). The only allegations of excessive force Plaintiff makes are from his arrest on March 19, 2011. Because Plaintiff did not file his original complaint until August 12, 2015, his excessive force claims are time-barred.

Likewise, Plaintiff's false arrest and false imprisonment claims are also barred by the four-year statute of limitations. A false arrest claim

---

[16] (ECF Nos. 7, 11.)

accrues at the time the claimant becomes detained pursuant to criminal proceedings. *Wallace v. Kato*, 549 U.S. 384, 397 (2007). Similarly, the running of the statute of limitations for a false imprisonment claim begins when the alleged false imprisonment occurs. *Id.* at 389. A false imprisonment ends once the victim is held pursuant to legal process, such as when a defendant is arraigned on charges. *Id.* In this case, any false arrest or false imprisonment concluded when the information was filed on April 4, 2011. Accordingly, Plaintiff's claims filed on August 12, 2015 are time-barred. Plaintiff's excessive force, false arrest, and false imprisonment claims therefore shoould be dismissed.

## B.  Malicious Prosecution

As an initial matter, Plaintiff's malicious prosecution claim appears to conflate two separate theories. Plaintiff says that the officers did not have probable cause to arrest him for aggravated assault on a law enforcement officer or resisting an officer with violence. He also says that based on the First DCA's ruling, there was no probable cause for the original proceeding. These are two separate and distinct issues. The First DCA's ruling does not address whether there was probable cause to *arrest*. Instead, the First DCA determined that because Plaintiff had a reasonable expectation of privacy in his cell phone records, and because exigent

circumstances did not exist to overcome the warrant requirement, that the officers should have obtained a warrant prior to obtaining Plaintiff's real-time cell phone location data. *Herring*, 168 So. 3d at 242, 244. Whether or not the officers had probable cause to obtain a warrant for his cell phone records has nothing to do with whether the officers had probable cause to arrest Plaintiff for aggravated assault on a law enforcement officer and resisting an officer with violence.

Nonetheless, "[t]o establish a federal claim for malicious prosecution under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (citing *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003), *cert. denied*, 540 U.S. 879 (2003)).

> Under Florida law, a plaintiff must establish each of six elements to support a claim of malicious prosecution: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

*Id.* (citing *Durkin v. Davis*, 814 So. 2d 1246, 1248 (Fla. Dist. Ct. App. 2002)

(citing *Burns v. GCC Beverages, Inc.*, 502 So. 2d 1217 (Fla. 1986))). "The

failure of a plaintiff to establish *any one* of these six elements is fatal to a

claim of malicious prosecution." *Alamo Rent-A-Car, Inc. v. Mancusi*, 632

So. 2d 1352, 1355 (Fla. 1994) (emphasis added).

Defendants concede that Plaintiff has plausibly alleged the first

element but argue that he has not plausibly alleged the second, third, or

fourth elements for a malicious prosecution claim.[17]

To establish that a police officer was the legal cause of the original

proceeding, a plaintiff must show that the officer had something to do with

the decision to prosecute or that the officer improperly influenced that

decision. *Williams v. Miami-Dade Police Dep't*, 297 F. App'x 941, 947 (11th

Cir. 2008). "The intervening acts of the prosecutor . . . judge, and

jury—assuming that these court officials acted without malice that caused

them to abuse their powers—each break the chain of causation unless

plaintiff can show that these intervening acts were the result of deception

or undue pressure by the defendant policemen." *Barts v. Joyner*, 865 F.2d

1187, 1195 (11th Cir. 1989); *see Eloy v. Guillot*, 289 F. App'x 339, 340–42

(11th Cir. 2008) (plaintiff established a § 1983 claim where the arresting

---

[17] Defendants do not address the fifth and sixth elements. (ECF No. 27 at 10–11.)

officer allegedly fabricated evidence against plaintiff); *Williams*, 297 F. App'x at 947 (police officer's alleged act of fabricating evidence, which resulted in the prosecutor being presented with false and misleading evidence, satisfies the common law element that the officer was the legal cause of the original prosecution).

For starters, Plaintiff makes no allegations linking Defendant Corbitt to the arrest for aggravated assault on a law enforcement officer and resisting an officer with violence. Plaintiff's only allegations with respect to Defendant Corbitt are that Defendant Corbitt contacted Special Agent Bullough for help tracking Plaintiff's phone and that Defendant Corbitt used a "top secret" device to lead Tallahassee PD to Plaintiff. (ECF No. 17 at 5.) Plaintiff does not allege that Defendant Corbitt was even present during the arrest or that he somehow influenced the decision to arrest. Merely leading the arresting officers to Plaintiff is insufficient to plausibly suggest that Defendant Corbitt had anything to do with their decision to arrest Plaintiff on-scene for aggravated assault on a law enforcement officer and resisting an officer with violence. Instead, Plaintiff's claim regarding Defendant Corbitt appears to rest on his conflation of two separate probable cause issues. Accordingly, Plaintiff's malicious prosecution claim against Defendant Corbitt should be dismissed.

With respect to Defendants Mahoney, Boccio, and Hinds Plaintiff claims they lacked probable cause to arrest him. Although Plaintiff does not allege that Defendants deceived or unduly pressured anyone or that Defendants fabricated evidence that resulted in his prosecution, Plaintiff nonetheless says there was no probable cause to arrest him for aggravated assault on a law enforcement officer or resisting an officer with violence. Liberally construing the amended complaint it logically follows that Plaintiff implies that the officers had something to do with the decision to prosecute Plaintiff for these two charges. Certainly, it is logical that the charging decision was made based upon the information provided to prosecutors by the officers who arrested Plaintiff.

Defendants argue that the judicial proceeding, the prosecution, does not begin until the party is arraigned or indicted and, therefore, Defendants could not have been the legal cause of the original proceeding. (ECF No. 27 at 11–13) (citing *Kingsland*, 382 F.3d at 1235 ("In the case of a warrantless arrest, the judicial proceeding does not begin until the party is arraigned or indicted.")). But Defendants overlook the fact that a judicial proceeding for aggravated assault on a law enforcement officer and resisting an officer with violence likely would not have begun without some information from Defendants about the acts giving rise to the charges.

Indeed, despite Plaintiff's later acquittal for aggravated assault on a law enforcement officer and resisting an officer with violence, if Defendants had arguable probable cause to arrest Plaintiff for those charges they would be entitled to qualified immunity. It is premature, however, to determine whether Defendants had arguable probable cause to arrest for those specific charges based upon the allegations in the amended complaint.

Defendants next argue that Plaintiff has failed to demonstrate that the proceeding terminated in his favor. Defendants correctly note that at the time Plaintiff filed his complaint, and even at the time Defendants filed their motion to dismiss, Plaintiff had not been acquitted of the remaining charges. The problem with Defendants' argument, however, is that Plaintiff's malicious prosecution claims are based upon the two charges for which he was acquitted and not the other charges.

Finally, Defendants contend that Plaintiff has failed to demonstrate an absence of probable cause in his original proceeding to satisfy the fourth element for a malicious prosecution claim. The Court disagrees. In the amended complaint Plaintiff alleges that Defendants did not have probable cause to arrest him for aggravated assault on a law enforcement officer and resisting an officer with violence. He says he was asleep at a

bus stop, shot, tazed, slammed into the ground, and arrested. Whether Plaintiff resisted arrest or was somehow violent during the arrest remains to be seen and is not an issue the Court can resolve based upon the allegations on the face of the amended complaint. Moreover, the mere fact that an information was filed charging Plaintiff with these crimes does not give rise to a presumption of probable cause. *See Colonial Stores, Inc. v. Scarbrough*, 355 So. 2d 1181, 1185 (Fla. 1977) (in a malicious prosecution action, the filing of an information merely constitutes evidence of reasonable grounds for the prosecution; it does not give rise to a presumption of probable cause). Plaintiff's allegations plausibly suggest that there was no probable cause to arrest him for aggravated assault on a law enforcement officer and resisting an officer with violence. While Defendants very well may have had arguable probable cause to arrest Plaintiff on these charges this determination is premature on a motion to dismiss. Accordingly, the Court concludes that Plaintiff has alleged a plausible malicious prosecution claim against Defendants the arresting officers, Mahoney, Boccio, and Hinds.

## C.  Qualified Immunity

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does

not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Here, it is clear that Defendants were performing discretionary functions at all relevant times. Thus, the burden shifts to Plaintiff to show that qualified immunity is not appropriate. *See Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002)).

To determine whether qualified immunity applies, a court must consider two factors: (1) whether the factual allegations show that the officer's conduct violated a constitutional right; and (2) whether the right was clearly established. *Person v. Callahan*, 555 U.S. 223, 236 (2009). A district court is entitled to exercise its sound discretion in deciding which prong of this inquiry to address first. *Id.* at 236. In the Eleventh Circuit, clearly established law "may include court decisions of the highest state court in the states that comprise this circuit as to those respective states, when the state supreme court has addressed a federal constitutional issue that has not been addressed by the United States Supreme Court or the Eleventh Circuit." *Courson v. McMillian*, 939 F.2d 1479, 1498 n.32 (11th Cir. 1991).

As discussed, Plaintiff conflates two separate probable cause issues.

Nonetheless, to the extent he premises his malicious prosecution claim on an alleged lack of probable cause to obtain his cell phone location data, Defendants are entitled to qualified immunity. The Fourth Amendment guarantees "[t]he right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. To determine whether a search is unreasonable, the individual must have both a subjective and objective expectation of privacy in the object being searched. *California v. Ciraolo,* 476 U.S. 207, 211 (1986); *United States v. Robinson*, 62 F.3d 1325, 1328 (11th Cir. 1995). The Fourth Amendment does not, however, prohibit warrantless searches. *United States v. Davis*, 785 F.3d 498, 516 (11th Cir. 2015); *see also Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 653 (1995) ("[A] warrant is not required to establish the reasonableness of *all* government searches; and when a warrant is not required (and the Warrant Clause therefore not applicable), probable cause is not invariably required either.").

Plaintiff has failed to show that on March 19, 2011, he had a clearly established constitutional right with respect to his cell phone location data. Notably, the United States Supreme Court has not rendered an opinion on this issue. Similarly, the Eleventh Circuit has concluded the opposite—that there is no reasonable expectation of privacy in business records

containing historical cell tower location information made, kept, and owned

by a cell phone provider. *United States v. Davis*, 785 F.3d 498, 517 (11th

Cir. 2015). Furthermore, the Florida Supreme Court did not conclude that a

defendant has a reasonable expectation of privacy in real-time cell site

location information until 2014. *Tracey v. State*, 152 So. 3d 504 (Fla.

2014). Thus, in 2011, Plaintiff did not have a *clearly established*

constitutional right with respect to his cell phone location data such that a

reasonable person would have known a warrant was required to obtain

such data. Indeed, as Defendants point out, the First DCA acknowledged

as much in its opinion reversing the denial of the motion to suppress. *See

Herring*, 168 So. 3d at 243.

On the other hand, to the extent Plaintiff claims the officers did not

have probable cause to arrest him for aggravated assault on a law

enforcement officer and resisting an officer with violence, Defendants are

not entitled to qualified immunity at this stage of the proceedings. A

malicious prosecution claim is "a shorthand way of describing a § 1983

claim where the plaintiff, as part of the commencement of a criminal

proceeding, has been unlawfully and forcibly restrained in violation of the

Fourth Amendment and injuries, due to that seizure, follow as the

prosecution goes ahead." *Uboh v. Reno*, 141 F.3d 1000, 1003 (11th Cir.

1998) (quoting *Whiting v. Taylor*, 85 F.3d 581, 584 (11th Cir. 1996)). "An arrest is quintessentially a seizure of the person, and therefore subject to the Fourth Amendment's reasonableness requirement." *McClish v. Nugent*, 483 F.3d 1231, 1238 (11th Cir. 2007) (citing *California v. Hodari D.*, 499 U.S. 621, 624 (1991)); *see also* U.S. Cons. amend. IV. "It is by now clear that an arrest conducted in a public place must be supported by probable cause, but it does not require a warrant." *Id.* (citing *United States v. Watson*, 423 U.S. 411, 417, n.6 (1976)); *Kingsland*, 382 F.3d at 1232 ("Plainly, an arrest without probable cause violates the right to be free from an unreasonable search under the Fourth Amendment."). "For probable cause to exist . . . an arrest must be objectively reasonable based on the totality of the circumstances." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). "This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown that the suspect has committed, is committing, or is about to commit an offense." *Id.* at 1195 (quotations omitted).

"Nevertheless, officers who make an arrest without probable cause are entitled to qualified immunity if there was *arguable* probable cause for the arrest." *Kingsland*, 382 F.3d at 1232 (citing *Jones v. Cannon*, 174 F.3d

1271, 1283 (11th Cir. 1999)) (emphasis added); *Scarbrough v. Myles*, 245 F.3d 1299, 1302 (11th Cir. 2001). "Arguable probable cause exists 'where reasonable officers in the same circumstances and possessing the same knowledge as the Defendant could have believed that probable cause existed to arrest.'" *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002) (quoting *Scarbrough*, 245 F.3d at 1302)).

In this case, it is premature to determine whether Defendants Mahoney, Boccio, and Hinds are entitled to qualified immunity. As discussed, Plaintiff has alleged a plausible malicious prosecution claim against Defendant Mahoney, Boccio, and Hinds. Plaintiff says he was sleeping on a bench, shot, tazed, slammed onto the ground and arrested without a warrant or probable cause to arrest. Assuming these allegations to be true, no reasonable officer would have believed probable cause existed to arrest Plaintiff for aggravated assault on a law enforcement officer and resisting an officer with violence. But, "whether 'reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff'" for aggravated assault on a law enforcement officer and resisting an officer with violence is fact-intensive and thus, improper on a motion to dismiss. *Kingsland*, 382 F.3d at 1232 (quoting *Von Stein v.*

*Brescher*, 904 F.2d 572, 579 (11th Cir. 1990)).  Accordingly, to the extent

Plaintiff claims that the officers lacked lack of probable cause to arrest him

for aggravated assault on a law enforcement officer and resisting an officer

with violence, Defendants Mahoney, Boccio, and Hinds are not entitled to

qualified immunity at this stage of the case when the facts surrounding the

arrest cannot be discerned from the face of the amended complaint.

## V.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF
No. 27, should be **GRANTED** in part and **DENIED** in part.

**IN CHAMBERS** this 13th day of December, 2016.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**