IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KENDRICK HERRING,

    Plaintiff,

v.        CASE NO. 4:15cv402-RH/GRJ

JEFF MAHONEY et al.,

    Defendants.

_____/

## ORDER ON MOTION TO DISMISS

The plaintiff was arrested, prosecuted, and eventually exonerated. He asserts a variety of claims against the defendant police officers. The case is before the court on the magistrate judge's report and recommendation, ECF No. 31, and the defense objections, ECF No. 32. I have reviewed de novo the issues raised by the objections.

The report and recommendation address the defendants' motion to dismiss the second amended complaint for failure to state a claim on which relief can be granted. The recommendation is to grant the motion only in part. The

recommendation is to deny the motion to dismiss the malicious-prosecution claim against the defendants Jeff Mahoney, Vincent Boccio, and Phil Hinds.

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of a motion to dismiss, the complaint's factual allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court must accept the factual allegations as true "even if [the allegations are] doubtful in fact." *Twombly*, 550 U.S. at 555.

The defense objections to the report and recommendation are an attempt to hold a pro se litigant to a pleading standard more stringent than applies even to a complaint drafted by an attorney. The plaintiff has alleged that the officers arrested him without probable cause, that he was prosecuted, and that he was eventually exonerated. The exoneration does not mean the officers lacked probable cause for the arrest. But the complaint's allegation that the officers lacked probable cause must be accepted as true for purposes of the motion to dismiss.

A motion to dismiss is not the vehicle by which the truth of a plaintiff's factual allegations should be judged. Instead, it remains true, after *Twombly* and *Iqbal* as before, that "federal courts and litigants must rely on summary judgment

and control of discovery to weed out unmeritorious claims sooner rather than later." *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993). The defendants may move for summary judgment if they can present evidence showing that they had probable cause—or arguable probable cause—for the arrest.

For these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's opinion. The defendants' motion to dismiss, ECF No. 27, is GRANTED IN PART AND DENIED IN PART. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on January 11, 2017.

s/Robert L. Hinkle<br>United States District Judge