# 00IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

KENDRICK HERRING,

    Plaintiff,

v.                                                                        CASE NO. 4:15cv402-RH/GRJ

JEFF MAHONEY et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

The plaintiff was arrested, prosecuted, and eventually exonerated on charges of aggravated assault on a law enforcement officer and resisting an officer with violence. The plaintiff asserts 42 U.S.C. § 1983 malicious-prosecution claims against three officers. Prior orders dismissed the plaintiff's other claims.

The three officers have moved for summary judgment. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 60. No objections have been filed. This order accepts the report and recommendation but not all of its reasoning.

Officers had good reason to believe that earlier on the night at issue, the plaintiff shot two individuals in a drug deal gone bad. Officers found the plaintiff and approached him at a bus stop. Officers thought the plaintiff might still be armed, as indeed he was. As is undisputed, the plaintiff had a loaded gun in his waistband.

The plaintiff gave testimony at his criminal trial flatly inconsistent with his sworn amended complaint and interrogatory answers in this case. At the criminal trial the plaintiff—who was the defendant in that case—said he was asleep at the bus stop before the officers approached, but he awoke, defied the officers' order to get on the ground and show his hands, and instead ran and reached for his waistband. He said he was trying to hold up his pants, not reaching for the gun, as one of the officers said he feared.

In his amended complaint in this case and in interrogatory answers, the plaintiff said he was asleep the whole time—that he did not wake up or run or reach to his waist.

The report and recommendation correctly concludes that the defendants' summary-judgment should be granted. The plaintiff has not explained his change in testimony from the criminal trial to this case. *See, e.g.*, *Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue

of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony."). And the new testimony in this case is more than a little implausible. On any view, the plaintiff did not do as he was told; he resisted the officers. The officers had at least arguable probable cause to arrest the plaintiff, so they are entitled to summary judgment at least on the ground of qualified immunity.

The report and recommendation adopts as an alternative basis for this conclusion—a basis not necessary to the outcome—that the plaintiff is judicially estopped from departing so dramatically from his criminal-trial testimony. The law of the circuit on judicial estoppel is now set out in *Slater v. United States Steel Corp.*, 871 F.3d 1174 (11th Cir. 2017) (en banc). There the court said that "a district court should consider all the facts and circumstances of the case" before estopping a party from changing position. Contradictory testimony alone is not sufficient—things like a party's sophistication and explanation for the change matter to the analysis. Here the change in position is stark, lack of sophistication cannot explain it, and the plaintiff has offered no explanation. Few cases present a more appropriate occasion for applying the judicial-estoppel doctrine.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

The report and recommendation is accepted. The defendants' summary-judgment motion, ECF No. 48, is granted. The clerk must enter judgment stating, "The plaintiff's claims are dismissed with prejudice." The clerk must close the file.

SO ORDERED on March 30, 2018.

s/Robert L. Hinkle  
United States District Judge